1   RANDAL M. BARNUM, Esq.
    State Bar No. 111287
2   Law Offices of RANDAL M. BARNUM
    279 East H Street
3   Benicia, CA 94510
    Phone: 707/745-3747
4   Fax No: 707/745-4580

5   Attorneys for Plaintiff,
    Robert Capretto, Jr.

6

7

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      (SAN FRANCISCO)

11

12  ROBERT CAPRETTO, JR.,              Case No. C 07-03390 WHA

13          Plaintiff,                 NOTICE OF MOTION AND MOTION
                                       TO REMAND CASE TO STATE
14  vs.                                COURT AND ATTORNEY FEES;
                                       DECLARATION OF RANDAL M.
15                                     BARNUM, ESQ.; SUPPORTING
                                       POINTS AND AUTHORITIES
16  STRYKER CORPORATION,
    et al.,                           Date:  September 6, 2007
17                                     Time:  8:00 a.m.
          Defendant.                   Courtroom: 9, 19th Floor
18  _____/         Honorable William Alsup

19      To Defendant, Stryker Corporation, and its attorneys of record:

20      NOTICE IS HEREBY GIVEN that on September 6, 2007 at 8:00 a.m., or as soon

21  thereafter as the matter may be heard before the Honorable William Alsup in Courtroom 9,

22  located on the 19th Floor of the United States Courthouse at 450 Golden Gate Avenue, San

23  Francisco, plaintiff, Robert Capretto, Jr., will and hereby does move for an order remanding

24  this case to the Solano County Superior Court and awarding to plaintiff the attorney fees he

25  incurred in bringing this motion against defendant Stryker Corporation.

26      The motion to remand will be made on the basis of procedural defects in the removal

27  of the case from Solano County Superior Court to this Court. *28 USC §1447(c).* The motion

28  for attorney fees is based on the Court's discretionary authority to award such fees in

1  connection with granting a motion to remand. *28 USC §1447(c)*.

2      The motion will be based on this notice of motion and motion, the following

3  declaration of Randal M. Barnum, Esq. and memorandum of points and authorities, the

4  papers in the file and such other evidence as may be presented at the hearing of the motion.

5  Dated: July 26, 2007          Law Offices of Randal M. Barnum

6

7                     By: _____
                   Randal M. Barnum, Attorney for Plaintiff

8

9

10            DECLARATION OF RANDAL M. BARNUM, ESQ.

11      I, Randal M. Barnum, declare:

12      1. I am the attorney for Robert Capretto, Jr., who is the plaintiff in this action. I am

13  making this declaration in support of my client's motion to remand this case to the Solano

14  County Superior Court and for attorney fees.

15      2. The complaint in this matter was filed on March 28, 2006, in Solano County

16  Superior Court against Stryker Corporation and Michael Irigaray. The complaint is for

17  employment discrimination and harassment based on disability and tortious discharge.

18  Michael Irigaray is a manager at Stryker Corporation.

19      3. Both defendants were served with the complaint on or about March 28, 2006.

20      4. Both defendants, Stryker Corporation and Michael Irigaray, answered the complaint

21  on May 5, 2006.

22      5. On August 1st and 2nd, 2006, defendants deposed plaintiff.

23      6. On December, 20, 2006, defendants moved for summary judgment or, alternatively,

24  summary adjudication of issues based, in large part, on evidence obtained from plaintiff's

25  deposition.

26      7. The motion was set for hearing on March 28, 2007, but, at plaintiff's request, was

27  continued to April 30, 2007.

28      8. The motion was taken under submission on April 30, 2007, and decided on June

1    8, 2007. The motion for summary adjudication was granted as to the third cause of action

2    only against both defendants for disability harassment. Otherwise, the motion was denied.

3        9. On June 28, 2007, defendant, Stryker Corporation, filed a notice of removal of the

4    case to federal court on the basis of diversity jurisdiction pursuant to 28 USC section 1441(b)

5    (fraudulent joinder).

6        10. Plaintiff is a citizen of the State of California, County of Solano. I am informed

7    and believe and, thereon allege, that defendant, Stryker Corporation, is a citizen of the State

8    of Michigan.

9        11. I have been an attorney for over 23 years. I specialize in employment law and am

10    certified by the National Board of Trial Advocacy as a Board Certified Civil Trial Specialist.

11    My hourly rate is $300.00.

12        12. I spent 7.8 hours preparing this motion for remand. I anticipate that I will spend

13    an additional 5.0 hours analyzing defendant's opposition to this motion and preparing a reply

14    brief and an additional 3.0hrs attending oral argument and traveling between the court in San

15    Francisco and my office in Benicia. As such, I anticipate that my client will have incurred

16    attorney fees totaling at least $4,740.00 (15.8hrs x $300 = $4,740.00) by the time this motion

17    for remand is decided.

18        I declare under penalty of perjury under the laws of the State of California that the

19    foregoing is true and correct. Executed this 26th day of July, 2007, at Benicia, California.

20

21                                        RANDAL M. BARNUM, Attorney for
22                                        Plaintiff, Robert Capretto, Jr.

23

24                    MEMORANDUM OF POINTS AND AUTHORITIES

25        Plaintiff submits the following memorandum of points and authorities in support of

26    his motion to remand this case to the Solano County Superior Court.

27    1.    Issues To Be Decided

28        The paramount issue to be decided is whether plaintiff is entitled to have this case

1    remanded to the Solano County Superior Court because of procedural defects in its removal

2    to federal court. Issues to be decided in order to decide the paramount issue include:

3             (A) Whether the United States District Court for the "Northern" District is the

4    proper federal court to which this case from Solano County should have been removed;

5             (B) Whether the removal, based on diversity jurisdiction, was untimely since

6    it occurred more than one year after the complaint was filed;

7             (C) Whether the removal, based on sham joinder, was untimely since it

8    occurred more than 30 days after the depositions of plaintiff Robert Capretto, Jr. and

9    defendant, Michael Irigaray, which is the basis for defendant's contention the joinder of

10   Michael Irigaray as a defendant was a sham;

11            (D) Whether defendant waived the right to remove the case to federal court by

12   prosecuting the motion for summary judgment or, alternatively, summary adjudication in

13   state court;

14            (E) Whether having its summary judgment motion granted as to defendant,

15   Michael Irigaray, entitled Stryker Corporation to remove the case to federal court; and

16            (F) Whether plaintiff is entitled to an award of his attorney fees incurred in

17   bringing this motion for remand to state court.

18   2.    <u>The Northern District Court Is Not The Proper Court To Which This Case
          Should Have Been Removed</u>

19

20       A case removed from state court must be removed to the district and division in which

21   the state court action is pending. *28 USC §1446(a)*. Solano County is part of the Eastern

22   District. *28 USC §84(b)*.

23       This case was originally filed and at all previous times was pending in Solano County

24   Superior Court and was removed by defendant, Stryker Corporation, to the federal court for

25   the Norther District of California. If this case was entitled to be removed, it should have been

26   to the Sacramento Division of the Eastern District of California and not to the San Francisco

27   Division of the Northern District of California.

28

3.    The Removal Based On Diversity Jurisdiction Is Untimely

Defendant based his removal of this case to federal court on grounds of diversity jurisdiction and fraudulent joinder of Michael Irigaray as a defendant.

A case may not be removed on diversity grounds more than 1 year after it was filed in state court. *28 USC § 1446(b)*; *Caterpillar Inc. v. Lewis (1996) 519 U.S. 61, 69* ("No case, however, may be removed from state to federal court based on diversity of citizenship more than 1 year after commencement of the action.")

In the instant case, plaintiff filed his complaint in Solano County Superior Court on March 28, 2006. Defendant did not remove the case to federal court until June 28, 2007, well more than 1 year later.

By failing to file a timely notice of removal, defendant waived its right to remove the case from the state court. *Dunn v. Gaiam, Inc. (C.D. Cal., 2001) 166 F.Supp.2d 1273, 1278; Cantrell v. Great Republic Ins. Co. (9th Cir. 1989) 873 F.2d 1249, 1256.*

As such, the removal is untimely and the case must be remanded to the Solano County Superior Court. *Bonner v. Fuji Photo Film (N.D. Cal., 2006) 461 F.Supp.2d 1112, 1115* ("A district court must remand a case removed in an untimely fashion.")

4.    The Removal Based On Sham Joinder Is Untimely

The second ground on which defendant based its removal to federal court was that Michael Irigaray was a sham defendant.

The time to remove to federal court based on the non-diverse party being a sham defendant is 30 days, which runs only from the time the defendant first knew or should have known that the non-diverse party had been fraudulently joined  and that there is a basis for removal absent such joinder. *Jernigan v. Ashland Oil (5th Cir. 1993) 989 F2d 812, 817; Delaney v. Viking Freight, Inc. (E.D. TX 1999) 41 F.Supp.2d 672, 675-676.* In both of these cases, the court held the removal clock began to run when defendant received deposition transcripts containing the purported admissions showing no claim could be maintained against the fraudulently joined co-defendant.

In the instant case, defendants moved for summary judgment after plaintiff and

1  defendant, Michael Irigaray, were deposed. These depositions took place in August and

2  November of 2006, respectively. Defendants then moved for summary judgment based on

3  evidence obtained from the depositions. That is, essentially all of the evidence cited by

4  defendants in support of their summary judgment motion came from the deposition of either

5  plaintiff or Michael Irigaray. Defendants had obtained copies of the reporter's transcripts of

6  these depositions by December 20, 2006, when they filed their summary judgment motion.

7      As such, by no later than December 20, 2006, the removal clock began to run based

8  on Michael Irigaray being a fraudulently joined defendant. Since defendant, Stryker

9  Corporation did not remove the case to federal court until June 28, 2007, more than 6 months

10  later, the removal is untimely and the case must be remanded to state court.

11      Furthermore, removal for diversity of jurisdiction based on a fraudulently joined

12  defendant is 1 year at the outside from the time the complaint was filed. "The one-year bar

13  gives the defendant sufficient incentive and time to determine the facts to justify removal

14  without imposing an undue burden to investigate removal within the first thirty days of

15  receiving an indeterminate complaint." *Harris v. Bankers Life & Cas. Co. (9th Cir. 2005) 425*

16  *F3d 689, 697.*

17      As such, defendant had a maximum of one year after the complaint was filed on

18  March 28, 2006, to seek removal. Since the defendant waited until June 28, 2007, to remove

19  the case to federal court, the removal is untimely and the case must be remanded to state

20  court. *Bonner, Ibid.*

21      5.    <u>Defendant Waived Its Right Of Removal</u>

22      A state court defendant may lose or waive the right to remove a case to federal court

23  by taking some substantial offensive or defensive action in the state court action indicating

24  a willingness to litigate in that tribunal before filing a notice of removal with the federal

25  court. *Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial*

26  *(The Rutter Group, 2007), at §2:874* citing *Yusefzadeh v. Nelson, Mullins, Riley &*

27  *Scarborough, LLP (11th Cir. 2004) 365 F3d 1244, 1246.*

28      Moving for summary judgment constitutes actively invoking the state court's

1  jurisdiction and constitutes waiver of the right to remove. *Schwarzer, supra, at §2:880* citing

2  *Zbranek v. Hofheinz (E.D. TX 1989) 727 F.Supp. 324, 325.*

3       In the instant case, defendants moved from summary judgment on December 20, 2006,

4  which motion was heard on April 30, 2007, and partially denied and partially granted on June

5  8, 2007. By filing the summary judgment motion, defendant waived its right to remove this

6  case to the federal court.

7       6.    <u>The Summary Judgment Motion Dismissing Michael Irigaray From The Action Did Not Entitle Defendant To Remove The Case To Federal Court</u>

8

9       Where the original complaint is not removable, defendant may remove within 30 days

10  after receipt of an amended pleading, motion, or other paper, from which it may first be

11  ascertained that the case has become removable, except that cases removed on diversity

12  grounds must be removed within one year after commencement of the action (regardless of

13  when the case first became removable). *28 USC §1446(b).*

14       Although the statute says nothing about how the change occurs, courts draw a

15  distinction between "voluntary" and "involuntary" changes in the case and only changes

16  made voluntarily by the plaintiff make the case removable. An action not removable as

17  originally filed must remain in state court unless plaintiff does something voluntarily to

18  change the nature of the case and render it removable. *Self v. General Motors Corp. (9th Cir.*

19  *1978) 588 F2d 655, 657; People of State of Calif. v. Keating (9th Cir. 1993) 986 F2d 346,*

20  *348.*

21       In the instant case, the order granting summary judgment to Michael Irigaray was not

22  a voluntary change in the complaint made by plaintiff. Rather, it was an involuntary change

23  brought about by defendant. As such, the change to the complaint caused by the summary

24  judgment order was not a basis upon which defendant could remove the case to federal court.

25       In addition, defendant's removal after the summary judgment order was untimely

26  because it occurred more than one year after the complaint was filed as more fully explained

27  above. *28 USC §1446(b).*

28

---

MOTION TO REMAND CASE TO SOLANO COUNTY SUPERIOR COURT     C 07-03390 WHA

7.   Plaintiff Is Entitled To Attorney Fees

On granting a motion for remand, the federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 USC § 1447(c). The statutory purpose is to deter the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly. *Circle Industries USA, Inc. v. Parke Const. Group, Inc. (2nd Cir. 1999) 183 F3d 105, 109.*

In the instant case, as shown above, defendant's removal of this case to the federal court in the Northern District is improper for multiple reasons and clearly time-barred. This Court has discretion to award plaintiff his attorney fees for bringing this motion to remand to state court and should make such an award in the amount of $4,740.00, which are the attorney fees plaintiff will incur in having this case remanded to the Solano County Superior Court.

CONCLUSION

For the reasons stated herein, plaintiff's motion to remand this case to the Solano County Superior Court must be granted. Defendant removed the case to the wrong federal district. The removal is certainly untimely. Defendant waived its right to remove by filing its summary judgment motion.

In addition, plaintiff is entitled to an order that defendant pay plaintiff's attorney fees in the amount of $4,740.00.

Dated: July 26, 2007                          Law Offices of Randal M. Barnum

By: _____
Randal M. Barnum, Attorney for Plaintiff

---

PROOF OF SERVICE BY MAIL

1

2    I declare that:

3    I am employed in Solano County, California. I am over the age of eighteen years and

4    not a party to the above entitled cause; my business address is 279 East H Street, Benicia,

5    California 94510. On July 26, 2007 I served the following:

6    NOTICE OF MOTION AND MOTION TO REMAND CASE TO
     STATE COURT AND ATTORNEY FEES; DECLARATION OF
7    RANDAL M. BARNUM, ESQ.; SUPPORTING POINTS AND
     AUTHORITIES
8
     [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO
9    REMAND CASE TO STATE COURT

10   on the interested parties in said cause, by placing a copy thereof enclosed in a sealed

11   envelope with postage thereon fully prepaid, and mailed in accordance with ordinary

12   business practices, or by facsimile or personal service, as follows:

13   **FIRST CLASS MAIL**
     Theodora R. Lee/Kristin E. Hutchins
14   Littler Mendelson PC
     650 California Street, 20th Floor
15   San Francisco, CA 94108

16
     I declare under penalty of perjury under the laws of the State of California that the
17
     foregoing is true and correct, and that this declaration was executed on July 26, 2007 at
18
     Benicia, California.
19

20

21                                            KATHY J. McNICHOLS

22

23

24

25

26

27

28