THEODORA R. LEE, Bar No. 129892
PAUL R. LYND, Bar No. 202764
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108
Telephone: 415.433.1940
Fax: 415.399.8490
Email: tlee@littler.com
Email: plynd@littler.com

Attorneys for Defendant
STRYKER CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAPRETTO, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>STRYKER CORPORATION,<br>et al.,<br><br>    Defendants. | Case No. C 07-03390 WHA<br><br>**DEFENDANT STRYKER CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT AND FOR ATTORNEY'S FEES**<br><br>Date:       September 6, 2007<br>Time:       8:00 a.m.<br>Courtroom:  9 (19th Floor)<br>Judge:      Hon. William H. Alsup |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STRYKER'S OPPOSITION TO MOTION TO REMAND**                       **Case No. C 07-033990 WHA**

1  Defendant Stryker Corporation ("Stryker") opposes the Motion to Remand Case to
2  State Court and for Attorney's Fees filed by Plaintiff Robert Capretto, Jr. ("Plaintiff"). Because
3  Plaintiff fraudulently joined former defendant Michael Irigaray as a party to prevent diversity
4  jurisdiction and Stryker has timely removed this case to this Court, Stryker requests that the Court
5  deny Plaintiff's Motion, accept its diversity jurisdiction here, and deny Plaintiff's request for
6  attorney's fees. Stryker's Opposition is based on this Memorandum of Points and Authorities, the
7  papers on file in this case, and the arguments made to the Court.

## I. INTRODUCTION

Stryker's removal of this case to federal court was proper and timely. Stryker removed the case to this Court on the basis of diversity jurisdiction and fraudulent joinder. Plaintiff fraudulently joined Michael Irigaray, his former supervisor, as a co-defendant in his lawsuit against Stryker. He named Irigaray in a single, meritless harassment claim solely for the purpose of thwarting removal based on diversity. Once the state court dismissed Irigaray from the case, Stryker promptly and appropriately removed this case to federal court. Significantly, in seeking remand, Plaintiff does not dispute Stryker's fraudulent joinder basis for removal, thus conceding it. Plaintiff further does not dispute that he and Stryker are diverse in citizenship, nor does he contend that the amount in controversy requirement is not satisfied. Rather, Plaintiff seeks remand on what he deems "procedural defects" in Stryker's removal. Pl.'s Motion at 1: 26

None of Plaintiff's arguments support remand to state court. First, Stryker agrees that this matter should have been removed to the Eastern District of California. However, the law is clear that the removal to this District is merely a venue mistake permitting transfer of the case, rather than a ground for remand. Stryker requests transfer to the Eastern District of California. Next, Stryker's removal was timely. Given his fraudulent joinder of Irigaray, Plaintiff cannot now take advantage of his improper forum manipulation to deny Stryker a federal forum. Thus, if required, the equitable exception to the removal deadline applies and requires deeming Stryker's removal timely. Contrary to Plaintiff's arguments, Stryker did not waive its right to remove to the limited extent that it litigated in state court. Moreover, the fact that Irigaray's dismissal was not a voluntary dismissal by Plaintiff does not preclude removal. Rather, once again, Plaintiff's fraudulent joinder

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

of Irigaray is an exception to the rule and permits Stryker to remove the case after Irigaray's involuntary dismissal. Plaintiff's fraudulent joinder cannot be rewarded by ultimately giving Plaintiff a ticket back to state court. Therefore, Plaintiff's motion to remand and request for attorney's fees should be denied.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2006, Plaintiff filed a Complaint for Damages for Employment Discrimination and Tortious Discharge in Solano County Superior Court. As defendants, Plaintiff named Stryker and Irigaray. Complaint ¶¶ 1-2. Plaintiff alleged three causes of action: disability discrimination, harassment, and failure to prevent discrimination under the California Fair Employment and Housing Act ("FEHA")(first cause of action); tortious discharge in violation of public policy (second cause of action); and disability harassment in violation of the FEHA (third cause of action). Plaintiff alleged all three causes of action against Stryker. He named Irigaray as a party only to the third cause of action for harassment. Complaint ¶¶ 17-30. Plaintiff's Complaint contained no specific factual allegations with respect to the alleged harassment of Plaintiff.

As pled, Plaintiff's Complaint did not have complete diversity of citizenship, precluding removal to this Court on diversity grounds at that time. Stryker is a Michigan corporation with its principal place of business in Michigan. Removal Exh. 42, Stevens Decl. ¶ 2. Plaintiff and Irigaray are both California residents. Complaint ¶¶ 2, 4, 6. Thus, because of Plaintiff's sham joinder of Irigaray as a defendant on the harassment cause of action, this case lacked complete diversity at that time.

On March 28, 2006, Plaintiff served Stryker by mail pursuant to California Code of Civil Procedure 415.40, which provides for service on out-of-state corporations effective 10 days after mailing. Removal, Exh. 2. On May 5, 2006, Stryker and Irigaray timely answered Plaintiff's Complaint. Removal, Exh. 3.

After taking Plaintiff's deposition, on December 20, 2006, Stryker and Irigaray filed a Motion for Summary Judgment or, Alternatively, Motion for Summary Adjudication of Issues ("Motion for Summary Judgment"). The hearing on the motion in state court was set for March 28, 2007. Removal, Exhs. 8-13. On February 22, 2007, Plaintiff moved for a continuance of that

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STRYKER'S OPPOSITION TO MOTION TO REMAND       2.       Case No. C 07-03390 WHA

1  hearing until April 30, 2007. Removal, Exh. 17. Stryker and Irigaray opposed Plaintiff's ex parte
2  application. Removal, Exhs. 18-19. The state court granted Plaintiff's request, thus continuing the
3  hearing on the motion from March 28, 2007 to April 30, 2007. On April 9, 2007, Plaintiff again
4  moved to continue the hearing on the Motion for Summary Judgment until at least mid-June 2007.
5  Removal, Exhs. 22-23. Stryker and Irigaray again opposed this ex parte application, which the state
6  court denied. Removal, Exhs. 24-26. On April 16, 2007, Plaintiff filed his opposition papers to the
7  Motion for Summary Judgment. Removal, Exhs. 27-33. On April 25, 2007, Stryker and Irigaray
8  filed their reply papers, followed by evidentiary objections and an errata. Removal, Exhs. 34-40.

9  On April 30, 2007, the state court heard argument on the Motion for Summary
10 Judgment and took the matter under submission. On June 8, 2007, the state court filed and served its
11 Decision Regarding Motion for Summary Judgment. Removal, Exh. 41. In its decision, the state
12 court denied summary judgment to Stryker. It granted summary adjudication to Stryker and Irigaray
13 on Plaintiff's third cause of action for harassment. *Id.* at 1-2. The state court dismissed this action
14 as a matter of law, concluding,

> With regard to plaintiff's cause of action for harassment, defendants cite four acts of defendants that they believe constitute the sum and substance of plaintiff's claims of harassment. In his opposition, plaintiff indicates that his claim of harassment is not based on only these four acts, and cites various other acts of defendants that he believes constitute harassment. None of these acts cited by defendants or plaintiff, however, constitute harassment. The acts were either simply not harassing, or they were personnel management decisions upon which a claim of harassment may not be based. (*Reno v. Baird* (1998) 18 Cal.4th 640, 645-647.) Therefore, defendants have established as a matter of law that plaintiff cannot establish his cause of action for harassment.

22 *Id.* at 3-4. In dismissing the only cause of action in which Plaintiff named Irigaray as a defendant,
23 the state court's ruling eliminated Irigaray as a party to this case. On June 28, 2007, Stryker
24 removed this case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. section
25 1441(b) and Plaintiff's fraudulent joinder of Irigaray as a sham defendant in order to prevent
26 removal.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STRYKER'S OPPOSITION TO MOTION TO REMAND**   3.   **Case No. C 07-03390 WHA**

## III. LEGAL ARGUMENT

### A. Stryker Properly Removed This Case Based On Diversity Jurisdiction After Dismissal Of Irigaray, A Fraudulently Joined Defendant.

This Court has diversity jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and which involve citizens of different states. 28 U.S.C. § 1332(a)(1). With Irigaray dismissed from the case, there now is complete diversity of citizenship because Plaintiff is a citizen of California, while Stryker is a citizen of Michigan. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).[1] In his Motion for Remand, Plaintiff does not dispute that there is diversity of citizenship between himself and Stryker. Additionally, Plaintiff offers no dispute that the amount in controversy exceeds the jurisdictional threshold of $75,000. Even more significantly, Plaintiff offers <u>no</u> argument in his Motion for Remand that he did not fraudulently join Irigaray as a sham defendant in order to prevent removal of this case. Plaintiff thus concedes Stryker's fraudulent joinder argument and basis for removal.

On matters of diversity of citizenship for removal, the Court must disregard parties fraudulently joined. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). Joinder of a defendant will be deemed fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris, supra,* 236 F.3d at 1067. Courts may look beyond the pleadings and consider summary judgment proceedings to resolve fraudulent joinder claims. *Morris, supra,* 236 F.3d at 1067. Significantly, if claims against the non-diverse defendant were capable of summary judgment, the joinder was fraudulent. *Med. Lab Management Consultants v. American Broadcasting Co., Inc.*, 931 F. Supp. 1487, 1491 (D. Ariz. 1996).

As noted, while naming Irigaray as a sham non-diverse defendant, Plaintiff's Complaint contained no specific factual allegations of harassment. Thus, his harassment cause of action against Irigaray was not susceptible to a motion to dismiss or motion for judgment on the

---

[1] Plaintiff has named 50 unidentified Doe defendants. They are disregarded for purposes of determining diversity of citizenship. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STRYKER'S OPPOSITION TO MOTION TO REMAND                4.                Case No. C 07-03390 WHA

pleadings. Rather, it required discovery to determine its specifics, followed by a decision by the state court as to whether it could be dismissed as a matter of law.

The inherent weakness of Plaintiff's harassment claim against Irigaray demonstrates that naming Irigaray as a defendant was a sham designed to thwart removal. Plaintiff's deposition, and the opposing evidence later offered by Plaintiff in opposition to the Motion for Summary Judgment, ultimately disclosed that the harassment claim against Irigaray was frivolous. In Plaintiff's deposition, Plaintiff identified only four instances that he considered harassing during his employment with Stryker. They were: (1) Capretto had to work with EMSAR, a vendor, even though he believed it provided poor service; (2) Irigaray's alleged lack of sympathy over the death of Capretto's dog when Capretto was scheduled to travel to Las Vegas for training and Capretto did not call to advise that he could not go to Las Vegas; (3) Capretto having to work with Kevin Fenderson at AMR, a Stryker customer, despite Capretto's claims that Fenderson did not return his calls; and (4) Stryker allegedly not returning calls to Kaiser relating to Capretto's medical treatment. Removal, Exh. 11, exh. "C," 242: 21 – 244: 15; 245: 10 – 247: 6; 247: 22 – 248: 7; 248: 22-25; 256: 2-8; Exh. 36, at 31-34 (Undisputed Material Fact No. 54). Only the second alleged incident directly involved Irigaray.

In opposition to the Motion for Summary Judgment, Capretto produced allegations of newly alleged additional acts of harassment. They involved such management-related actions as Irigaray allegedly ignoring Capretto's accommodation request by not adjusting his work volume, criticizing Capretto's job performance shortly before Irigaray terminated his employment, Irigaray terminating Plaintiff's employment, possibly raising his voice in a meeting concerning Capretto's job performance, excluding Capretto from a training meeting, and Capretto being "surprised and upset" at his termination. Removal, Exh. 27, at 15-17; Exh. 34, at 8-10; Exh. 36, at 31-34 (Undisputed Material Fact No. 54). Capretto's new allegations were no weak that he tried to support them with inadmissible evidence from his own interrogatory responses. Removal, Exh. 36, at 31-34.[2]

---

[2] Under California law, a party cannot introduce his own interrogatory responses as evidence, as "the propounding party or any other party other than the responding party may use any answer or part of an answer only against the responding party." Cal. Code Civ. Proc. § 2030.410 (emphasis added).

STRYKER'S OPPOSITION TO MOTION TO REMAND    5.    Case No. C 07-03390 WHA

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1    As the state court held, these events alleged by Capretto were insufficient as a matter
2 of law to establish a harassment claim under California law. First, to establish a harassment claim,
3 California law requires that alleged harassment be "sufficiently severe or pervasive to alter the terms
4 and conditions of the victim's employment." *Etter v. Veriflo Corp.*, 67 Cal.App.4th 457, 465 (1998).
5 Here, as the state court held, the alleged acts were trivial and thus "simply not harassing." Removal,
6 Exh. 41, at 3. Furthermore, as the state court also recognized, the acts involved necessary personnel
7 management activity that, as a matter of law, cannot form the basis of a harassment claim. Removal,
8 Exh. 41, at 3-4; *Reno v. Baird*, 18 Cal.4th 640, 645-647 (1998)("The Legislature intended that
9 commonly necessary personnel management actions such as hiring and firing, job or project
10 assignments, . . . performance evaluations, the provision of support, . . . deciding who will and who
11 will not attend meetings, . . . and the like, do not come within the meaning of harassment.").

12    Under California law and the evidence, the state court concluded that Plaintiff's
13 harassment cause of action against Irigaray was devoid of merit and dismissed it as a matter of law.
14 The weakness of the claim, as revealed in discovery and in the Motion for Summary Judgment
15 proceedings, demonstrates that Plaintiff asserted it against Irigaray (and thus fraudulently joined him
16 as a party) in order to defeat diversity jurisdiction and removal. Indeed, the state court's dismissal of
17 the claim as chiefly involving necessary personnel management actions, not actionable harassment,
18 constitutes at least an implicit finding of fraudulent joinder. *Burden v. General Dynamics Corp.*, 60
19 F.3d 213, 220-221 (5th Cir. 1995)(holding that defendants dismissed on summary judgment were
20 fraudulently joined to defeat diversity jurisdiction because alleged conduct involved personnel
21 decisions and could not support state law claim as a matter of law). Accordingly, after obtaining the
22 state court's decision dismissing Irigaray, Stryker appropriately and promptly removed the case to
23 federal court.

24    **B.    Stryker's Removal Of The Case To This Court Is Not A Ground For Remand, And This Case Should Be Transferred To The Eastern District.**
25

26    Plaintiff argues that Stryker incorrectly removed this case to this Court, rather than to
27 the United States District Court for the Eastern District of California. Pl.'s MPA at 4: 18-27.
28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STRYKER'S OPPOSITION TO MOTION TO REMAND    6.    Case No. C 07-03390 WHA

1  Because this case was pending in state court in Solano County, Stryker now agrees that the Eastern
2  District of California is the proper venue for this case. 28 U.S.C. §§ 84(b), 1446(a). Stryker
3  inadvertently removed the case to this Court, rather than to the Eastern District, because of confusion
4  as to which District covers Solano County. Solano County is one of the nine Bay Area counties, yet
5  it is the only Bay Area county not included in the Northern District, contrary to common
6  assumptions. 28 U.S.C. § 84(a)&(b). It is on the border between the Northern and Eastern Districts.
7  This mistake of venue, however, is not a ground for remand.

8  Removal of a case to the incorrect federal district is merely a venue mistake, not a
9  failure of federal subject matter jurisdiction. "The fact that the removal was effected to this district
10 court rather than to the district court for the district embracing the place where the action was
11 pending . . . is 'more akin to an improper venue situation.'" *Mortensen v. Wheel Horse Products,
12 Inc.*, 772 F.Supp. 85, 89 (N.D.N.Y. 1991), quoting *Cook v. Shell Chemical Co.*, 730 F.Supp. 1381,
13 1382 (M.D. La. 1990). When a defendant asserts diversity jurisdiction as a basis for removal, "the
14 action is one for which district courts of the United States have original jurisdiction." *Id.* "Although
15 this court cannot exercise jurisdiction because the case was removed to the wrong district, <u>such a
16 mistake on defendant's part does not require remand to state court</u>." *Id.* at 91 (emphasis added).

17 Removal to the incorrect district has been a recurring issue in federal courts,
18 particularly, as is the case here, with removals from state courts on the border between two federal
19 districts. However, following *Mortensen*, courts have held that it is a venue problem, not a
20 jurisdictional defect requiring remand. *See, e.g., Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22
21 F.3d 634, 645 (5th Cir. 1994); *Jackson v. City of New York*, 2007 U.S. Dist. LEXIS 46960, at *2
22 (E.D.N.Y. June 28, 2007); *Joyce v. Dollar Rent A Car*, 1997 U.S. Dist. LEXIS 21621, at *4
23 (E.D.N.Y. Feb. 11, 1997); *MBL Life Assurance Corp. v. Lampert*, 1996 U.S. Dist. LEXIS 12607, at
24 *2-3 (S.D.N.Y. Aug. 30, 1996); *Ullah v. Federal Deposit Ins. Corp.*, 852 F.Supp. 218, 221
25 (S.D.N.Y. 1994); *Cook, supra,* 730 F.Supp. at 1382.

26 Rather, to cure the venue defect, district courts have transferred venue to the correct
27 district, either on their own motion or by the motion of a party. *See, e.g., Jackson, supra,* 2007 U.S.
28 Dist. LEXIS 46960, at *2-6; *Joyce, supra,* 1997 U.S. Dist. LEXIS 21621, at *2-4; *MBL Life, supra,*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STRYKER'S OPPOSITION TO MOTION TO REMAND   7.   Case No. C 07-03390 WHA

1996 U.S. Dist. LEXIS 12607, at *2-4; *Ullah, supra,* 852 F.Supp. at 221; *Mortensen, supra,* 772 F.Supp. at 91. In addition to their not being a federal jurisdictional defect, the courts have noted that transfer serves the interests of judicial economy and justice. In *Ullah*, the court recognized that remand "would bring about additional delay and expense while serving no useful purpose." *Ullah, supra,* 852 F.Supp. at 221. Furthermore, "such transfer would clearly serve the interests of justice given that by the time Defendants realized their error in removing the action to this Court, the thirty-day period to remove the action to the proper federal court had expired." *MBL Life, supra,* 1996 U.S. Dist. LEXIS 12607, at *3.

Stryker hereby requests a transfer of venue to the Eastern District of California to remedy the incorrect venue here. That district is the proper venue, and the transfer would be in the interests of justice. This transfer may be ordered *sua sponte*, as other courts faced with removal to the incorrect district ordered transfer to the correct district on their own without citing any specific basis for doing so. *Jackson, supra,* 2007 U.S. Dist. LEXIS 46960 (ordering transfer to correct district on court's own motion); *Ullah, supra,* 852 F.Supp. at 221 (ordering transfer without motion because "Federal courts have broad authority to reach a proper result by the most expedient means. Where a case can be sent directly to its proper site, this may be done without resort to unnecessary intermediate steps."). Improper venue in a removal also may be corrected by transfer to the correct district pursuant to 28 U.S.C. sections 1404(a) or 1406. *Jackson, supra,* 2007 U.S. Dist. LEXIS 46960, at *2-3; *Ullah, supra,* 852 F.Supp. at 219. These statutes have not required a motion before a court may effectuate a transfer of venue. *Washington Public Utilities Group v. United States Dist. Court for Western Dist. of Washington*, 843 F.2d 319, 326 (9th Cir. 1987)(section 1404(a) does not expressly require a motion before change of venue); *Grandinetti v. Bauman*, 2007 U.S. Dist. LEXIS 14139, *14-19 (D. Haw. 2007)(considering and ordering transfer of venue *sua sponte* under both sections).

Additionally, and alternatively, if the court believes that it lacks jurisdiction, transfer may be ordered without a motion to transfer pursuant to 28 U.S.C. section 1631. Courts have held that this section authorizes a federal court to transfer cases removed to the wrong district to the correct district. *Piazza v. The Upjohn Co.*, 570 F.Supp. 5, 8 (M.D. La. 1983). *See also Raymond v.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STRYKER'S OPPOSITION TO MOTION TO REMAND   8.   Case No. C 07-03390 WHA

*United States*, 2004 U.S. Dist. LEXIS 14299, at *11-12 (W.D. Mich. June 28, 2004). This statute provides that, when a matter is filed in the incorrect federal court, "the first federal court must transfer the case to the proper court, if transfer is in the interest of justice." *In re McCauley*, 814 F.2d 1350, 1351 (9th Cir. 1987). Such transfer is mandatory, without a motion. "A motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions." *Id.* at 1352. Accordingly, because correct venue for this matter is the Eastern District of California, Stryker requests transfer of this matter to that venue under one of these available bases.[3]

### C. Stryker's Removal Was Timely.

#### 1. Plaintiff's Timeliness Arguments Are Unavailing.

Plaintiff makes two incorrect arguments that Stryker's removal was untimely. First, Plaintiff argues that 28 U.S.C. section 1446(b) required removal within one year of commencement of the case. Pl.'s MPA at 5: 1-16. Plaintiff cites *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996). However, as the Ninth Circuit has noted, "in [the *Caterpillar*] case the Court was speaking of actions not originally removable." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998)(holding that the one-year rule contained in Section 1446(b) does not apply to cases which were initially removable because of fraudulent joinder). Plaintiff also forgets about the fraudulent joinder doctrine, which is the undisputed basis for removal here. The involuntary dismissal of a sham defendant makes a case removable if a plaintiff "acted in bad faith," in which case the fraudulent joinder exception applies. *Katz v. Costa Armatori, S.P.A.*, 718 F. Supp. 1508, 1516 n. 15 (S.D. Fla. 1989). The logical reason is that "if the plaintiff joined the nondiverse party . . . only intending to frustrate federal jurisdiction, then the plaintiff should lose the forum selection right. A plaintiff maintaining a frivolous action should not benefit therefrom in any matter. The diverse defendant or defendants should then be allowed to exercise their right to federal jurisdiction, and remove the case." *Id.* at 1516. As discussed, Plaintiff fraudulently joined Irigaray as a party to a frivolous claim in order to thwart removal. In that respect, this case could be deemed originally

---

[3] If the Court believes that a motion to transfer venue is required, Stryker requests leave to file such a motion.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STRYKER'S OPPOSITION TO MOTION
TO REMAND                                9.                              Case No. C 07-03390 WHA

1  removable so that prompt removal now, once Irigaray has been dismissed as a matter of law, is now
2  appropriate.

3          Next, Plaintiff argues that Stryker's removal on sham joinder grounds was untimely.
4  Specifically, Plaintiff claims that his deposition contained evidence with admissions giving notice
5  that no claim could be maintained against Irigaray, such that he was thus a sham defendant. Pl.'s
6  MPA at 5: 17 – 6: 10. Plaintiff is wrong. The cases on which he relies are distinguishable. Contrary
7  to Plaintiff's argument, *Jernigan v. Ashland Oil*, 989 F.2d 812 (5th Cir. 1993), did not involve
8  deposition testimony as the "notice" of diversity jurisdiction based on fraudulent joinder. Instead,
9  *Jernigan* involved an unequivocal response in an answer to a complaint. *Id.* at 814-815. *Delaney v.*
10 *Viking Freight, Inc.*, 41 F.Supp.2d 672 (E.D. Tex. 1999) involved a plaintiff who "specifically
11 acknowledged" in his deposition that a defendant never was his employer, and thus could not be
12 liable. *Id.* at 675.

13         Here, Plaintiff's deposition testimony alone in no way was sufficient to provide
14 notice of fraudulent joinder based on the two grounds relied upon by the state court in dismissing the
15 claim. While Plaintiff acknowledged only four instances of alleged harassment, he did not
16 specifically admit that he had not been harassed. To the contrary, Plaintiff continued to maintain
17 that he had been harassed and to pursue his allegations. Removal, Exh. 11, exh. "C," 242: 21 – 244:
18 15; 245: 10 – 247: 6; 247: 22 – 248: 7; 248: 22-25; 256: 2-8. Furthermore, as discussed, in
19 opposition to the Motion for Summary Judgment, Plaintiff persisted in his claim and attempted to
20 offer evidence of additional alleged acts of harassment. Simply put, Plaintiff's deposition and
21 conduct in this case did not involve the type of unequivocal acknowledgement that his harassment
22 claim against Irigaray was a sham sufficient to immediately provide notice that Irigaray was a sham
23 defendant. The claim against Irigaray was extraordinarily weak and even frivolous, yet Plaintiff
24 continued to pursue it, requiring resolution through the state court's determination that it should be
25 dismissed as a matter of law. Thus, Plaintiff's argument that his deposition testimony obligated
26 Stryker to remove within 30 days of receiving those transcripts is absurd.

27         Contrary to Plaintiff's arguments, Stryker timely removed the case to federal court
28 within 30 days after it received an "order" from which it "may first be ascertained that the case is

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STRYKER'S OPPOSITION TO MOTION TO REMAND     10.     Case No. C 07-03390 WHA

one which is or has become removable." 28 U.S.C. § 1446(b). On June 8, 2007, the state court filed and served its Decision Regarding Motion for Summary Judgment. Removal, Exh. 41. On June 28, 2007, 20 days after receipt of this order dismissing Irigaray and showing that there was no diversity jurisdiction, Stryker timely removed to this Court.

### 2. The Court Should Apply The "Equitable Extension" Doctrine.

Despite Plaintiff's fraudulent joinder of Irigaray to hinder removal, if the Court determines that this case is subject to a one-year limitation on removal, the Court should apply the "equitable extension" doctrine and hold Stryker's removal timely on that basis. Not surprisingly, Plaintiff completely ignores the existence of this doctrine and its applicability in this case.

Federal courts recognize that, in cases where a plaintiff has engaged in "forum manipulation" to prevent removal on diversity grounds, there is an equitable exception to the one-year provision of 28 U.S.C. section 1446(b). *See, e.g., Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003); *Davis v. Merck & Co., Inc.*, 357 F.Supp.2d 974, 978 (E.D. Tex. 2005)("plaintiff's bad faith and desire to circumvent federal jurisdiction could warrant an equitable exception to the one-year limitation on removal"); *Morrison v. National Benefit Ins. Co.*, 889 F.Supp. 945, 950-951 (S.D. Miss. 1995)("district courts have some power to control impermissible forum manipulation, where the defendant's failure to get into federal court is a procedural problem caused by the acts of the plaintiff").

In applying the equitable exception, courts consider the period of delay caused by plaintiff's forum manipulation as equitably tolled, treating the defendant's prompt removal upon notice of diversity jurisdiction as timely. "Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." *Tedford, supra,* 327 F.3d at 426.[4] Courts have recognized the equitable exception because "the right Congress has granted a diverse defendant to remove a case to a federal court is important, and should not be lightly disregarded." *Davis, supra,* 357 F.Supp.2d at 977. Thus, it is "appropriate to consider

---

[4] "Congress may have intended to limit diversity jurisdiction, but it did not intend to allow plaintiffs to circumvent it altogether. Strict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction." *Tedford v. Warner-Lambert Co.*, 327 F.3d 427 (5th Cir. 2003).

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STRYKER'S OPPOSITION TO MOTION TO REMAND         11.         Case No. C 07-03390 WHA

whether the interests of justice would be served by equitably tolling the one year limitation period." *Id.*

Here, Plaintiff's forum manipulation is clear. As discussed, Plaintiff fraudulently joined Irigaray as a party, naming him in a baseless single cause of action, in order to avoid diversity jurisdiction and removal. Despite Plaintiff's claim now that his deposition testimony negated his claim, the fact is that Plaintiff continued to pursue his harassment claim against Irigaray for as long as possible in order to avoid dismissal of it and thereby prevent diversity jurisdiction. As the state court's ruling held, Plaintiff's claim against Irigaray was a sham, as was his naming Irigaray as a defendant. Significantly, when faced with removal to federal court on the basis of fraudulent joinder, Plaintiff has made no effort to dispute that his joinder of Irigaray as a defendant was fraudulent. He thus concedes this point, focusing in his Motion for Remand only on what he terms "procedural defects." Pl.'s Motion at 1: 26. Plaintiff's fraudulent joinder is readily apparent.

The defendants acted promptly by filing their Motion for Summary Judgment on December 20, 2006, well in advance of when it needed to be filed in order to be heard within the one-year limitation period. California requires at least 75 days' notice before a hearing on a Motion for Summary Judgment. Cal. Code Civ. Proc. § 437c(a). Because of the state court's backlogged calendar, it could not hear the motion until March 28, 2007. However, as discussed, Plaintiff sought multiple extensions of the hearing date, pushing the hearing date until April 30, 2007. The state court then did not issue its order until June 8, 2007. Nonetheless, upon receipt of that order creating diversity jurisdiction, Stryker promptly removed the matter to this Court within 30 days.

In sum, these circumstances warrant application of the equitable extension doctrine, particularly because Plaintiff does not dispute that he fraudulently joined Irigaray as a party. The evidence establishes "Plaintiff's attempt to circumvent the target defendant's valuable right to a federal forum." *Davis, supra,* 357 F.Supp.2d at 979. It cries out for denial of Plaintiff's Motion to Remand because of his "obvious attempt to manipulate the forum." *Morrison, supra,* 889 F.Supp. at 951. Assuming the one-year deadline applies in this case, the Court should apply the equitable extension doctrine and treat Stryker's prompt removal, within 30 days of receipt of the order creating diversity jurisdiction, as timely.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STRYKER'S OPPOSITION TO MOTION TO REMAND    12.    Case No. C 07-03390 WHA

### D. Stryker Did Not Waive Its Right To Remove.

Plaintiff incorrectly argues that Stryker waived its right to remove by invoking the state court's jurisdiction and filing the Motion for Summary Judgment. Stryker's motion did not waive its right to remove. Plaintiff relies on *Zbranek v. Hofheinz*, 727 F.Supp. 324 (E.D. Tex. 1989), which is inapposite. In *Zbranek*, the court held that the defendant waived its right to remove when it "participated in extensive proceedings" in state court. They included an injunction hearing, a special exceptions hearing, a motion to quash a subpoena for depositions, a motion for summary judgment, and the filing of an amended answer. *Id.* at 325. The *Zbranek* court held, "It would be a waste of judicial resources to now force these parties into federal court, to repeat their already extensive motion practice." *Id.* at 326. Here, as the state court filings submitted with Stryker's removal demonstrate, there were not extensive proceedings in state court. Other than the Motion for Summary Judgment, the only other motions or applications filed were Plaintiff's requests to continue the hearing on the Motion for Summary Judgment. This removal would not require relitigation of any motions or issues.

Additionally, waiver of the right to remove is not easily found. "Courts are generally *reluctant* to interpret a defendant's conduct in state court as constituting a waiver of the right to remove. Waiver is usually found only if, *after* it becomes apparent that the action is removable, defendant's conduct indicated an *unequivocal* desire to abandon the right to a federal forum." Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* (The Rutter Group, 2007), at 2:882 (emphasis in original). Stryker never expressed any desire, equivocal or unequivocal, to waive its right to remove on diversity grounds. To the contrary, once Irigaray was dismissed from the case and it became apparent that the case now was removable based on diversity, Stryker promptly removed. There was absolutely no waiver by Stryker.

### E. Removal Does Not Depend On A Voluntary Action By Plaintiff In Cases Of Fraudulent Joinder.

Additionally, Plaintiff contends that the state court's order dismissing Irigaray did not entitle Stryker to then remove this case to federal court. He reasons that a change creating diversity jurisdiction does not permit removal unless it is the result of a voluntary act by Plaintiff. Plaintiff is

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STRYKER'S OPPOSITION TO MOTION TO REMAND    13.    Case No. C 07-03390 WHA

1 incorrect. The voluntary/involuntary distinction on which Plaintiff relies does not apply in cases of
2 fraudulent joinder. After a nondiverse defendant who was fraudulently joined has been dismissed by
3 a state court, a defendant may remove the case to federal court based on diversity, even if that
4 dismissal was involuntary. *Crockett v. R. J. Reynolds Tobacco Co.,* 435 F.3d 529, 532-533 (5th Cir.
5 2006); *Lane v. Champion Int'l Corp.*, 844 F.Supp. 724, 729 (S.D. Ala. 1994). Accordingly, the
6 dismissal of Irigaray, who was fraudulently joined, entitled Stryker to remove the case to this Court.

### F. The Court Should Deny Plaintiff's Request For Attorney's Fees.

Finally, while the Court should deny Plaintiff's Motion to Remand, it further should deny Plaintiff's request for attorney's fees. An award of attorney's fees is not mandatory. 28 U.S.C. § 1447(c). In this case, Plaintiff fraudulently joined Irigaray as a party in order to thwart removal. In seeking remand, Plaintiff does not dispute that there was fraudulent joinder. Because of Plaintiff's blatant forum manipulation, Stryker has a good faith basis and legitimate arguments for removal. Accordingly, Plaintiff's request for attorney's fees should be denied.

## IV. CONCLUSION

For the foregoing reasons, Stryker respectfully requests that the Court deny Plaintiff's Motion to Remand Case to State Court and deny his request for attorney's fees.

Dated: August 16, 2007

/s/ Theodora R. Lee
THEODORA R. LEE
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
STRYKER CORPORATION

Firmwide:82932226.1 028459.1011

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STRYKER'S OPPOSITION TO MOTION TO REMAND          14.          Case No. C 07-03390 WHA

## TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND .................................................... 2

III. LEGAL ARGUMENT .................................................................................................... 4

    A. Stryker Properly Removed This Case Based On Diversity Jurisdiction After Dismissal Of Irigaray, A Fraudulently Joined Defendant........................................ 4

    B. Stryker's Removal Of The Case To This Court Is Not A Ground For Remand, And This Case Should Be Transferred To The Eastern District ............................... 6

    C. Stryker's Removal Was Timely ............................................................................... 9

        1. Plaintiff's Timeliness Arguments Are Unavailing........................................ 9

        2. The Court Should Apply The "Equitable Extension" Doctrine................... 11

    D. Stryker Did Not Waive Its Right To Remove ........................................................ 13

    E. Removal Does Not Depend On A Voluntary Action By Plaintiff In Cases Of Fraudulent Joinder .................................................................................................. 13

    F. The Court Should Deny Plaintiff's Request For Attorney's Fees ........................... 14

IV. CONCLUSION ............................................................................................................. 14

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STRYKER'S OPPOSITION TO MOTION TO REMAND**    i.    **Case No. C 07-03390 WHA**

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Burden v. General Dynamics Corp.*,
 60 F.3d 213 (5th Cir. 1995) .................................................................................................... 6

*Caterpillar, Inc. v. Lewis*,
 519 U.S. 61 (1996) .................................................................................................................. 9

*Cook v. Shell Chemical Co.*,
 730 F.Supp. 1381 (M.D. La. 1990) ........................................................................................ 7

*Crockett v. R. J. Reynolds Tobacco Co.*,
 435 F.3d 529 (5th Cir. 2006) ................................................................................................ 14

*Davis v. Merck & Co., Inc.*,
 357 F.Supp.2d 974 (E.D. Tex. 2005) ............................................................................. 11, 12

*Delaney v. Viking Freight, Inc.*,
 41 F.Supp.2d 672 (E.D. Tex. 1999) ..................................................................................... 10

*Etter v. Veriflo Corp.*,
 67 Cal.App.4th 457 (1998) ..................................................................................................... 6

*Gottlieb v. Westin Hotel Co.*,
 990 F.2d 323 (7th Cir. 1993) .................................................................................................. 4

*Grandinetti v. Bauman*,
 2007 U.S. Dist. LEXIS 14139, *14-19 (D. Haw. 2007) ......................................................... 8

*In re McCauley*,
 814 F.2d 1350 (9th Cir. 1987) ................................................................................................ 9

*Jackson v. City of New York*,
 2007 U.S. Dist. LEXIS 46960, at *2 (E.D.N.Y. June 28, 2007) ........................................ 7, 8

*Jernigan v. Ashland Oil*,
 989 F.2d 812 (5th Cir. 1993) ................................................................................................ 10

*Joyce v. Dollar Rent A Car*,
 1997 U.S. Dist. LEXIS 21621, at *4 (E.D.N.Y. Feb. 11, 1997) ......................................... 7, 8

*Katz v. Costa Armatori, S.P.A.*,
 718 F. Supp. 1508 (S.D. Fla. 1989) ........................................................................................ 9

*Kreimerman v. Casa Veerkamp, S.A. de C.V.*,
 22 F.3d 634 (5th Cir. 1994) .................................................................................................... 7

*Lane v. Champion Int'l Corp.*,
 844 F.Supp. 724 (S.D. Ala. 1994) ........................................................................................ 14

*MBL Life Assurance Corp. v. Lampert*,
 1996 U.S. Dist. LEXIS 12607, at *2-3 (S.D.N.Y. Aug. 30, 1996) ..................................... 7, 8

*McCabe v. General Foods Corp.*,
 811 F.2d 1336 (9th Cir. 1987) ................................................................................................ 4

*Med. Lab Management Consultants v. American Broadcasting Co., Inc.*,
 931 F. Supp. 1487 (D. Ariz. 1996) ......................................................................................... 4

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STRYKER'S OPPOSITION TO MOTION TO REMAND**   ii.   **Case No. C 07-03390 WHA**

# TABLE OF AUTHORITIES
## (CONTINUED)

**PAGE**

*Morris v. Princess Cruises, Inc.*,
 236 F.3d 1061 (9th Cir. 2001) ................................................................................................. 4

*Morrison v. National Benefit Ins. Co.*,
 889 F.Supp. 945 (S.D. Miss. 1995) ...................................................................................11, 12

*Mortensen v. Wheel Horse Products, Inc.*,
 772 F.Supp. 85 (N.D.N.Y. 1991) ........................................................................................ 7, 8

*Piazza v. The Upjohn Co.*,
 570 F.Supp. 5 (M.D. La. 1983) ............................................................................................... 8

*Raymond v. United States*,
 2004 U.S. Dist. LEXIS 14299, at *11-12 (W.D. Mich. June 28, 2004) .................................. 9

*Reno v. Baird* (1998)
 18 Cal.4th 640 ..................................................................................................................... 3, 6

*Ritchey v. Upjohn Drug Co.*,
 139 F.3d 1313 (9th Cir. 1998) ................................................................................................. 9

*Tedford v. Warner-Lambert Co.*,
 327 F.3d 427 (5th Cir. 2003) ................................................................................................. 11

*Ullah v. Federal Deposit Ins. Corp.*,
 852 F.Supp. 218 (S.D.N.Y. 1994) ....................................................................................... 7, 8

*Washington Public Utilities Group v. United States Dist. Court for Western Dist. of Washington*,
 843 F.2d 319 (9th Cir. 1987) ................................................................................................... 8

*Zbranek v. Hofheinz*,
 727 F.Supp. 324 (E.D. Tex. 1989) ........................................................................................ 13

**STATUTES**

28 U.S.C. § 84(a) ........................................................................................................................... 7
28 U.S.C. § 84(b) ........................................................................................................................... 7
28 U.S.C. § 1332(a)(1) ................................................................................................................... 4
28 U.S.C. § 1404(a) ....................................................................................................................... 8
28 U.S.C. § 1406 ............................................................................................................................ 8
28 U.S.C. § 1441(b) ....................................................................................................................... 3
28 U.S.C. § 1446(a) ....................................................................................................................... 7
28 U.S.C. § 1446(b) ...........................................................................................................9, 10, 11
28 U.S.C. § 1447(c) ..................................................................................................................... 14
28 U.S.C. § 1631 ........................................................................................................................ 8, 9
Cal. Code Civ. Proc. § 2030.410 ................................................................................................... 5
Cal. Code Civ. Proc. § 437c(a) .................................................................................................... 12

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STRYKER'S OPPOSITION TO MOTION TO REMAND**     iii.     **Case No. C 07-03390 WHA**