RANDAL M. BARNUM, Esq.
State Bar No. 111287
Law Offices of RANDAL M. BARNUM
279 East H Street
Benicia, CA 94510
Phone: 707/745-3747
Fax No: 707/745-4580

Attorneys for Plaintiff,
Robert Capretto, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAPRETTO, JR., | Case No. C 07-03390 WHA |
| Plaintiff, | REPLY BRIEF ON MOTION FOR REMAND CASE TO STATE COURT AND ATTORNEY FEES; DECLARATION OF RANDAL M. BARNUM, ESQ. |
| vs. | |
| STRYKER CORPORATION, et al., | Date: September 6, 2007 Time: 2:00 p.m. |
| Defendant. | Courtroom: 9, 19th Floor Honorable William H. Alsup |

Plaintiff submits the following reply brief on his motion for remand to state court and for attorney fees. For the reasons stated herein and in plaintiff's moving papers, the motion should be granted in its entirety.

1. Defendant Admits It Removed The Case To The Wrong Court

Defendant admits that proper venue is in the Eastern District and requests that the case be transferred to that District.

Notwithstanding that it clearly states in 28 USC §84(b) that Solano County is part of the Eastern District, defendant contends that it inadvertently removed this case to the Northern District because it was confused as to which District covers Solano County.

In this situation, the case must be remanded to state court and, if defendant wishes, a new motion for removal to the Eastern District must be filed. *Gopcevic v. California Packing Corp. (D.C. Cal., 1921) 272 F. 994, 997-998.*

In *Gopcevic*, an action, begun in state court, was removed to a division of the United States District Court other than that containing the county in which the action was begun and the plaintiff promptly and timely moved to remand the case for that reason. The court held the motion for remand must be granted.

> But it is distinctly recognized that if defendant in a timely manner interposes proper objection to being sued in a wrong district, or in a case of removal promptly and timely moves to remand the cause for want of jurisdiction, such action will prevent the jurisdiction of the court from attaching, and the cause must be dismissed or a remand granted, as the case may be. *Ibid.*

In this regard, the removal statute is strictly construed and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d 564, 566*. The presumption against removal jurisdiction means the defendant always has the burden of establishing that removal is proper. *Ibid.*

Here, defendant removed the case to the wrong district court and plaintiff promptly and timely moved for remand, in part, because the case was removed to the wrong court. As such, the motion for remand to the state court must be granted. *Gopcevic, supra, at 997-998*.

2. <u>The Removal Was Untimely and The Motion For Remand Must Be Granted On That Basis</u>

(A).   <u>Defendant Violated The 30-Day Rule For Removal</u>

Contrary to defendant's opposition, Irigaray was the only defendant in the third cause of action for discrimination based on disability harassment. Stryker was not a defendant in the third cause of action.

On the one hand, defendant claims the complaint "contained no specific factual allegations with respect to the allegations of harassment of Plaintiff." On the other hand, defendant claims it was not required to act to remove the case until after the state court granted summary adjudication to Irigaray on the third cause of action. The assertions are inconsistent.

If there were no allegations of harassment by Irigaray in the complaint, defendant could have presented its argument for removal based on fraudulent joinder of Irigaray upon

first receiving the complaint, as it was their burden to do.[1] *Simpson v. Union Pacific R. Co. (N.D. Cal., 2003) 282 F.Supp.2d 1151, 1158*. Cf., *Kaneshiro v. N. Am. Co. for Life and Health Ins. (D. Haw., 1980) 496 F.Supp. 452, 455-56, 462* (finding in the context of extension of time to remove under 28 U.S.C. section 1446(b) that "the burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion").

In *Simpson,* plaintiffs' twelve-year-old son was hit by a train and killed while riding his bicycle to school. Plaintiffs sued Amtrak, the train engineer, Adams, and the San Leandro Unified School District. The claim against the school district was based on insufficient warning and precaution taken by the school district. Amtrak and Adams answered the complaint. The school district demurrered on the grounds that it had no duty to protect its students from dangers outside of school grounds. After the school district's demurrer was sustained without leave to amend, the remaining defendants filed a notice of removal to the federal district court claiming joinder of the school district was fraudulent because California law does not impose a duty on school districts to insure the safety of students traveling to and from school. The court in *Simpson* held the remaining defendants were required to file a notice of removal within thirty days of receiving the complaint in the wrongful death action rather than within thirty days of dismissal of co-defendant school district from the action, where removability of the action based on fraudulent joinder of the school district was ascertainable, if at all, upon service of the complaint.

> In order to avail themselves of the claim of fraudulent joinder defendants argue that California law does not impose a duty on school districts to insure the safety of students traveling to and from school. This argument requires no factual basis other than the allegations set forth in the complaint. Defendants could have presented their argument for removal based on fraudulent joinder of the School District upon first receiving the complaint,

---

[1] "Fraudulent joinder" is a term of art. It does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the non-diverse defendant, or in fact no cause of action exists. *Matter of Medical Laboratory Management Consultants (D. Ariz., 1996) 931 F.Supp. 1487, 1491*.

> as it was their burden to do. .... Because defendants could have ascertained that the School District was fraudulently joined from the complaint itself, they should have filed the notice of removal within thirty days of receiving the complaint. *Simpson, supra,* at 1158.

Based on defendant's contention that the complaint contained no allegations of harassment by Irigaray, defendant could have ascertained that no cause of action existed against Irigaray and, therefore, it was required to file its notice of removal within thirty days of receiving the complaint. Since it did not do so, its removal was untimely.

In this regard, according to The Rutter Group treatise on Federal Civil Procedure Before Trial:

> The inevitable uncertainty as to when a defendant "ascertains" the case is removable (and to avoid "eve of trial" removals) led Congress to adopt an outside 1-year limit in diversity cases: i.e., cases may not be removed on diversity grounds more than one year after "commencement of the action" in state court in any event. [ 28 USC § 1446(b)] The one-year bar gives the defendant sufficient incentive and time to determine the facts to justify removal without imposing an undue burden to investigate removal within the first thirty days of receiving an indeterminate complaint. [Harris v. Bankers Life & Cas. Co. (9th Cir. 2005) 425 F3d 689, 697. *Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group, 2007), at §2:936.*

Further in this regard, as stated in plaintiff's motion to remand, defendants moved for summary judgment after plaintiff and defendant, Michael Irigaray, were deposed. These depositions took place in August and November of 2006, respectively. Defendants then moved for summary judgment based on evidence obtained from the depositions. That is, essentially all of the evidence cited by defendants in support of their summary judgment motion came from the deposition of either plaintiff or Michael Irigaray. Defendants had obtained copies of the reporter's transcripts of these depositions by December 20, 2006, when they filed their summary judgment motion.

As such, by no later than December 20, 2006, the removal clock began to run based on Michael Irigaray being a fraudulently joined defendant. Since defendant, Stryker Corporation did not remove the case to federal court until June 28, 2007, more than 6 months later, the removal is untimely and the case must be remanded to state court.

1        (B).    <u>Defendant Violated The One-Year Rule</u>

2        Defendant argues that removal on diversity grounds was precluded by the complaint. That is, the case was not initially removable. What follows is that the one-year rule for removal based on diversity applies to this case. *Ritchey v. Upjohn Drug Co. (9th Cir., 1998) 139 F.3d 1313, 1317.*

> The first paragraph of § 1446(b) addresses a defendant's right to promptly remove when he is served. The second paragraph addresses a defendant's right to remove beyond the initial period of 30 days, if the case only becomes removable sometime after the initial commencement of the action. Only the latter type of removal is barred by the one-year exception. *Id., at 1316.*

Since defendant contends that the initial complaint in the instant case came within the provisions of the second paragraph of section 1446(b), defendant acknowledges that the one-year limitation on removal based on diversity jurisdiction applies. Since defendant did not remove the case on diversity grounds until more than one year after the complaint was filed, the removal was untimely and plaintiff's motion to remand should be granted.

3.    <u>Defendant Waived Its Right To Removal By Bringing Its Motion For Summary Judgment</u>

A defendant may inadvertently waive its right of removal by litigating on the merits in state court. *Foley v. Allied Interstate, Inc. (C.D. Cal., 2004) 312 F.Supp.2d 1279, 1284.* A defendant may not experiment in state court and then seek to remove upon receipt of an adverse ruling. *Id., at 1285.*

In the instant case, defendant moved for summary judgment or alternatively for summary adjudication in an attempt to obtain a defense judgment. It failed in extricating itself from the case, but was successful as to defendant, Irigaray. By filing the summary judgment motion and pursuing it to conclusion, defendant waived its right to removal. Cf., *Bolivar Sand Co., Inc. v. Allied Equipment, Inc. (W.D. Tenn., 1986) 631 F.Supp. 171, 173.*

> The critical factor in determining whether a particular defensive action in the state court should operate as a waiver of the right to remove is the defendant's intent in making the motion. If the motion is made only to preserve the *status quo ante* and not to dispose of the matter on its merits, it is clear that no waiver has

1 | occurred. On the other hand, if a motion seeks a disposition, in whole or in part, of the action on its merits, the defendant may not attempt to invoke the right to remove after losing on the motion. *Ibid.*

Thus, if a potentially dispositive motion, such as a motion to dismiss, is made and argued by the defendant, the state court's adverse decision cannot be "appealed" to the federal district court by way of removal. *Bolivar Sand Co., supra, at 173*. In this regard, all interlocutory rulings of the state court are subject to reconsideration by the district judge. *28 U.S.C. §1450*. This includes decisions on motions for summary judgment. *Bryant v. Ford Motor Co. (9th Cir., Cal., 1987) 844 F.2d 602, 612*.

In *Bolivar Sand Co.,* the court held a defendant waived its right to removal by bringing a motion for directed verdict.

If a defendant presses for a resolution of the merits of the case, then the right to remove is waived. *Johnson v. Heublein, Inc. (5th Cir., 2000) 227 F.3d 236, 244* (Held, defendant waived right to removal by filing motion to dismiss and summary judgment motion.)

"Since a motion for summary judgment seeks a resolution of a case on its merits, a defendant who seeks a summary judgment in state court affirmatively invokes the state court's jurisdiction and demonstrates his clear intent to have the state court proceed on the merits of the case." *Jacko v. Thorn Americas, Inc. (E.D. Tex., 2000) 121 F.Supp.2d 574, 576*.

In the instant case, defendant sought to dispose of the case on its merits by way of summary judgment in state court. As such, defendant waived its right to seek removal after losing the summary judgment motion. This is a further reason the motion to remand must be granted.

4. Removal Is Improper Since There Has Been No Final Judgment Removing Michael Irigaray From The Case

In the instant case, although the state court granted summary adjudication in favor of Michael Irigaray, no judgment of dismissal has been entered and plaintiff has not dismissed him from the case. Under these circumstances, removal based on diversity created by the

1  dismissal of Irigaray from the case is improper. Cf., *Self v. General Motors Corp. (C.A. Cal.,*
2  *1978) 588 F.2d 655, 660.*

3      In addition, since no judgment of dismissal as to Irigaray has been entered in state
4  court, plaintiff's time to appeal the summary adjudication has not started to run. The removal
5  is premature since the state appeal process has to be exhausted before Irigaray's elimination
6  from the case can be deemed truly final. Cf., *Saylor v. General Motors Corp. (E.D.Ky, 1976)*
7  *416 F.Supp. 1173, 1175.*

8      In this regard, the fraudulent joinder exception to the voluntary/involuntary dismissal
9  rule only applies if it is established that plaintiff acted in bad faith in joining the defendant.
10 *Katz v. Costa Armatori, S.P.A. (S.D. Fla., 1989) 718 F.Supp. 1508, 1517, fn. 15* ("an
11 involuntary dismissal of the nondiverse party or parties does not make the case removable
12 unless the plaintiff acted in bad faith, in which case, the exception of 'fraudulent joinder'
13 applies.") As shown in the following section, there is no evidence that plaintiff acted in bad
14 faith in naming Irigaray as a defendant.

15     5.    <u>Plaintiff Did Not Act In Bad Faith In Naming Irigaray As A Defendant</u>

16     Michael Irigaray was an employee of defendant, Stryker Corporation, and plaintiff's
17 supervisor. An individual employee, whether supervisor or co-worker, who harasses another
18 employee is personally liable under California law regardless of the employer's liability.

19-21 > An employee ... is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer ... knows or should have known of the conduct and fails to take immediate and appropriate corrective action. *Govt. Code §12940(j)(3).*

22     However, the harassing acts of a supervisor, such as Michael Irigaray, are viewed
23 differently than the harassing acts of a co-worker. Even a single act by a supervisor may be
24 sufficiently severe so as to alter the conditions of employment and give rise to a hostile work
25 environment claim. *Brooks v. City of San Mateo (9th Cir., 2000) 229 F.3d 917, 927, fn. 9.*

26     In the instant case, there was competent evidence to establish the following harassing
27 conduct by Michael Irigaray based on plaintiff's disability:
28     •    Michael Irigaray made a disparaging remark to plaintiff regarding plaintiff's

1    report of his injury. "Why did you have to file a claim? You could have come
2    to me. You didn't make me look good." *Plaintiff's Declaration, ¶12 (Removal*
3    *Exhibit 30.)*

4  • Michael Irigaray ignored plaintiff's request for accommodation following
5    plaintiff's injury. *Plaintiff's Declaration, ¶13 (Removal Exhibit 30)*

6  • Shortly after plaintiff reported his injury on March 23, 2004, Michael Irigaray
7    falsely criticized plaintiff's job performance and then fired him for the same
8    reasons two weeks later. This was after five years of good performance
9    reviews. *Plaintiff's Declaration, ¶¶17, 18 (Removal Exhibit 30.)* In his
10   deposition, Michael Irigaray admitted he did not have anything documented
11   to support his criticism of plaintiff's job performance and termination. *Irigaray*
12   *Deposition (Removal Exhibit "D" at 118:8-25; 119:1-25; 120:1-6.)*

13 • Michael Irigaray raised his voice to plaintiff in their June 16, 2004, meeting
14   at which time Irigaray false criticized plaintiff's job performance. *Irigaray*
15   *Deposition (Removal Exhibit "D" at 110:24-25; 111:1; 115:23-25; 116:1.)*

16 • According to Michael Irigaray, plaintiff was visibly upset and surprised at his
17   being terminated and did not see it coming. *Irigaray Deposition (Removal*
18   *Exhibit "D" at 154:21-25; 115:1-2.*

19 • Immediately after plaintiff reported his injury, Michael Irigaray excluded
20   plaintiff from a new training session which plaintiff had helped design and
21   which plaintiff normally attended. *Plaintiff's Response to Form Interrogatory*
22   *No. 203.1(b); Exhibits "C" and "D" to Declaration of Randal M. Barnum*
23   *(Removal Exhibit 31.)*

24 • Plaintiff considered Michael Irigaray's above-referenced actions against him
25   following his report of injury on March 23, 2004, to be harassment due to his
26   disability. *Plaintiff's Response to Form Interrogatory No. 203.1(c)(d); Exhibits*
27   *"C" and "D" to Declaration of Randal M. Barnum (Removal Exhibit 31.)*

28      The factual nature of plaintiff's claims of harassment by Michael Irigaray were

sufficient to preclude summary adjudication in favor of Michael Irigaray on the third cause of action for harassment. On a summary judgment motion, the facts must be considered in the light most favorable to the opposing party. Here, considering the facts in the light most favorable to plaintiff, the above-referenced actions by Michael Irigaray were sufficient to defeat the summary judgment motion on plaintiff's hostile work environment claim against Michael Irigaray. Cf., *McGinest v. GTE Service Corp. (9th Cir., 2004) 360 F.3d 1103, 1113.*

Moreover, because the employer cloaks a supervisor, such as Michael Irigaray, with authority, even a single act by a supervisor may be sufficient to alter the terms of employment. *Dee v. Vintage Petroleum, Inc. (2003) 106 Cal.App.4th 30, 36.*

Michael Irigaray's above-referenced conduct toward plaintiff was sufficient to establish a triable issue of fact whether he harassed plaintiff based on his disability. The fact that the trial court ruled otherwise does not mean that plaintiff acted in bad faith in naming Michael Irigaray as a defendant.

6. Defendant Is Not Entitled To Application Of The Equitable Extension Doctrine

Plaintiff has been unable to find any Ninth Circuit or California District Court case employing the equitable extension doctrine. Perhaps the reason is because the removal statutes are construed restrictively, so as to limit removal jurisdiction. Doubts as to removability are resolved in favor of remanding the case to the state court. *Shamrock Oil & Gas Corp. v. Sheets (1941) 313 US 100, 108-109; Gaus v. Miles, Inc. (9th Cir. 1992) 980 F2d 564, 566.*

According to the authors of the treatise on Federal Civil Procedure Before Trial, the validity of the equitable extension doctrine is debatable.

> This (equitable extension) exception seems debatable. Removal jurisdiction is strictly construed ... and the one-year time limit appears absolute. Later removal therefore should not be permitted, even where plaintiffs have engaged in this removal-avoidance technique. *Schwarzer, Tashima & Wagstaffe, supra, at §2:936.7.*

CONCLUSION

For the reasons stated herein and in plaintiff's moving papers, the motion to remand to state court must be granted.

In addition, plaintiff is entitled to an order that defendant pay plaintiff's attorney fees in the amount of $4,740.00.

Dated: August 23, 2007                    Law Offices of Randal M. Barnum


                                          By:    /s/
                                          Randal M. Barnum, Attorney for Plaintiff

DECLARATION OF RANDAL M. BARNUM, ESQ.

I, Randal M. Barnum, declare:

1. I am the attorney for Robert Capretto, Jr., who is the plaintiff in this action. I am making this declaration in support of my client's motion to remand this case to the Solano County Superior Court and for attorney fees.

2. Plaintiff has not dismissed Michael Irigaray from the case and no judgment of dismissal has been signed or entered by the court in favor of Irigaray and against plaintiff.

3. I have been an attorney for over 22 years. I specialize in employment law and am certified by the National Board of Trial Advocacy as a Board Certified Civil Trial Specialist. My hourly rate is $300.00.

4. I spent 7.8 hours preparing this motion for remand. When I filed my original declaration in support of plaintiff's motion for remand, I anticipated that I would spend an additional 5.0 hours analyzing defendant's opposition to this motion and preparing a reply brief. In fact, I have spent 10.9hrs reviewing defendant's opposition to the motion, researching the issues raised and preparing this reply brief. I still anticipate spending 3.0hrs for oral argument including travel between San Francisco and my office in Benicia. As such, I anticipate that my client will have incurred attorney fees totaling at least $6,510.00 (21.7hrs x $300 = $6,510.00) by the time this motion for remand is decided.

I declare under penalty of perjury under the laws of the State of California that the

1 | foregoing is true and correct. Executed this 23rd day of August, 2007, at Benicia, California.

                                          /s/
                                RANDAL M. BARNUM, Attorney for
                                Plaintiff, Robert Capretto, Jr.