United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAPRETTO, JR.,<br><br>Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION,<br>MICHAEL IRIGARAY, and<br>Does 1-50, inclusive,<br><br>Defendants. | No. C 07-03390 WHA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND DENYING MOTION FOR ATTORNEY'S FEES AND VACATING HEARING** |

**INTRODUCTION**

In this employment-discrimination action, plaintiff Robert Capretto Jr. moves to remand this case to state court. Defendant Stryker Corporation removed this matter to federal court based on diversity jurisdiction pursuant to 28 U.S.C. 1332(a) and 1441(b). This order finds that Stryker (1) did not file a notice of removal in a timely manner and (2) waived its right to remove. Accordingly, plaintiff's motion to remand is **GRANTED**. Plaintiff's request for attorney's fees is, however, **DENIED** because Stryker has presented more than a colorable basis for removal.

**STATEMENT**

On March 28, 2006, plaintiff filed a complaint against his former employer, Stryker Corporation, and former supervisor, Michael Irigaray, in Solano County Superior Court. The complaint alleged claims against Stryker for disability discrimination under the California Fair

Employment and Housing Act and tortious discharge in violation of public policy. The only claim plaintiff alleged against Irigaray was for disability harassment in violation of FEHA (Compl. ¶¶ 17–27).

When the complaint was first filed, there was no complete diversity of citizenship. Although Stryker was a Michigan corporation with its principal place of business in Michigan, Irigaray and plaintiff Capretto were both citizens California. Plaintiff served defendants with the complaint on or about March 28, 2006 (Notice of Removal ¶¶ 2, 9–10).

Defendants deposed plaintiff in August (Notice of Removal Exh. C at 1). Irigaray was deposed in November (Notice of Removal Exh. D at 1). On December 20, 2006, all defendants filed a motion for summary judgment. Plaintiff filed his opposition papers to the motion for summary judgment on April 16, 2007. Defendants filed their reply papers on April 25, 2006. On April 30, 2006, the state court heard argument on the motion for summary judgment. On June 8, 2006, the state court granted summary judgment in favor of defendants with respect to plaintiff's disability-harassment claim. The state court denied summary judgment as to the claims of disability discrimination and tortious discharge. On June 28, 2006, defendant Stryker filed a notice of removal of the case to federal court on grounds of diversity jurisdiction and the fraudulent joinder of Michael Irigaray as a defendant (Notice of Removal ¶¶ 4–5).[1]

## ANALYSIS

### 1. STANDARD FOR REMOVAL.

Defendants may remove a civil action from state court to federal court pursuant to 28 U.S.C. 1441(a). The strong presumption against removal jurisdiction means that the defendant bears the burden of establishing proper removal. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Specifically, defendant here has the burden of showing that this Court can exercise diversity jurisdiction under 28 U.S.C. 1332, namely, that plaintiff has different state citizenship

---

[1] Stryker mistakenly removed the case to the Northern District instead of the Eastern District of California. This error does not require a remand to state court. According to 28 U.S.C. 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

2

than all properly named defendants. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus*, 980 F.2d at 566.[2]

Defendant here alleges that removal was proper once it was revealed that Irigaray was likely a sham defendant who was joined solely to defeat diversity. This order assumes for the sake of argument that Irigaray was a sham defendant. Under 28 U.S.C. 1446, defendant had 30 days to remove this action to federal court once defendant discovered that Irigaray was a sham defendant.

### 2.   TIMELINESS OF REMOVAL.

When removability is uncertain, the period of timeliness is measured from the point at which the defendant had notice that the case was removable. 28 U.S.C. 1446(b). Section 1446(b) provides that the notice of removal should be filed within 30 days of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Interrogatory responses and other discovery documents can constitute an "other paper" for Section 1446(b) purposes. *Brewster v. A.W. Chesterton Co.*, No. 07-1688 WHA, 2007 WL 1056774, *1 (Apr. 6, 2007 N.D. Cal.) (Alsup, J.). The comments to 28 U.S.C. 1446(b) further explain that "[t]he paper that reveals the phoniness of the non-diverse defendant's joinder may be, e.g., the deposition of some non-party witness."

Defendant alleges that this action first became removable once the state court held that plaintiff could not establish his claim for harassment against Irigaray. This order disagrees. Defendant should have known of the removability of this action and Irigaray's alleged sham status long before the superior court ruled on the motion. In August 2006, defendants deposed plaintiff. Irigaray was deposed in November. On December 20, 2006, defendants moved for summary judgment. The decision on summary judgment rested on evidence obtained from the

---

[2] For purposes of its diversity analysis, this Court properly disregards the 50 Does named as defendants. *See* 28 U.S.C. 1441(a) ("For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded").

3

depositions of plaintiff and Irigaray. This order holds that the depositions, which were discovery documents, constituted "other papers" from which it could have first been ascertained that the case had become removable. By December 20, 2006, when defendants moved for summary judgment, they had sufficient information to be on notice that no possible harassment claim against Irigaray existed. It was at this point that defendants knew or should have known that Irigaray was a sham defendant. Accordingly, at the latest, the removal clock started running on December 20, 2006. Defendant Stryker failed to remove the case to federal court until June 28, 2007, well beyond the 30-day limit. Because its removal fell outside the 30-day window, defendant waived its right to remove the state court action to federal court. *See, e.g., Sehl v. Safari Motor Coaches, Inc.*, No. 01-1750, 2001 WL 940846, *4 (N.D. Cal. 2001) (Illston, J.) ("[S]ince [defendant] failed to remove the case within thirty days of the original complaint, which was removable at the time, [defendant] thereby waived its right to file a subsequent removal even though the complaint was amended to create a new basis for removal.").

### 3. WAIVER OF THE RIGHT TO REMOVE.

There exists another separate and independent basis for removal. "A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). Acts such as seeking an injunction and moving for summary judgment have been held to manifest the defendant's intent to have the matter resolved in a state forum. *Zbranek v. Hofheinz*, 727 F.Supp. 324, 325 (E.D. Tex. 1989) (Cobb, J.) ("[B]y actively invoking the state court's jurisdiction in seeking an injunction, summary judgment and an order requiring re-pleading by plaintiffs, defendants lost their right to remove.").

4

Defendants seek to distinguish *Zbranek* from the instant case.  They argue that the parties in *Zbranek* "participated in extensive proceedings" in state court, which included an injunction hearing, a special exceptions hearing, a motion to quash a subpoena for depositions, a motion for summary judgment and the filing of an amended answer.  Here, defendants filed a motion for summary judgment.  The only other motions filed were plaintiff's requests to continue the hearing on the motion for summary judgment.

Defendants err in their reasoning, and this Court finds that *Zbranek* is analogous.  The main concern in *Zbranek* was that the defendant invoked the state's jurisdiction to resolve issues, which defendants did in this case by filing a motion for summary judgment.  In *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.*, 631 F.Supp. 171, 173 (W.D. Tenn. 1986) (Todd, J.), the court stated: "The critical factor in determining whether a particular defensive action in the state court should operate as a waiver of the right to remove is the defendant's intent in making the motion.  If the motion is made only to preserve the *status quo ante* and not to dispose of the matter on its merits, it is clear that no waiver has occurred.  On the other hand, if a motion seeks a disposition, in whole or in part, of the action on its merits, the defendant may not attempt to invoke the right to remove after losing on the motion."  Still other courts have ruled that "a defendant who seeks a summary judgment in state court affirmatively invokes the state court's jurisdiction and demonstrates his clear intent to have the state court proceed on the merits of the case."  *Jacko v. Thorn Americas*, Inc., 121 F.Supp.2d 574, 576 (E.D. Tex. 2000) (Cobb, J.).  Defendants here moved for summary judgment on December 20, 2006.   Plaintiff filed opposition papers on April 16, 2007 and defendants filed their reply papers on April 25, 2007.  The state court heard argument on the motion for summary judgment on April 30, 2007.  Defendants' conduct clearly manifested an intent to have the state court proceed on the merits of the case.  Furthermore, the Ninth Circuit resolves doubts as to removability in favor of remand.  *Gaus*, 980 F.2d at 566.  Stryker waived its right to remove.  This is an alternative and independent basis for removal.

5

### 4. REQUEST FOR ATTORNEY'S FEES.

Plaintiff requests an award of costs and attorney's fees pursuant to 28 U.S.C. 1447(c), which provides that an order of remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court has "wide discretion" in deciding whether to award attorney's fees. *Moore v. Permanente Med. Group*, 981 F.2d 443, 447 (9th Cir. 1992). Although this order grants plaintiff's motion to remand, defendant's arguments regarding the propriety of removal were not unfounded. Defendant believed it only discovered the alleged fraudulent joinder after the superior court ruled on the motion for summary judgment. This argument was barely plausible, sufficiently so to avoid the sanction of attorney's fees.

## CONCLUSION

The plaintiff's motion to remand is **GRANTED**. This case is hereby remanded to Solano County Superior Court. Plaintiff's request for attorney's fees and costs is **DENIED**. The hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: August 29, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE